IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. _____ |
| vs. | § § | |
| U.S. DEPARTMENT OF THE INTERIOR AND THE OFFICE OF INSPECTOR GENERAL OF THE U.S. DEPARTMENT OF THE INTERIOR, | § § § § § § | JUDGE _____ |
| Defendants. | § § | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Ryan, LLC ("Ryan") files this Complaint for Declaratory and Injunctive Relief against the U.S. Department of the Interior ("DOI") and the Office of Inspector General of the U.S. Department of the Interior ("DOI OIG") as follows.

### I.   NATURE OF ACTION

2. Ryan brings this "reverse FOIA" action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Trade Secrets Act, 18 U.S.C. § 1905, to prevent the disclosure of confidential and commercially sensitive documents and information contained in a DOI OIG Investigation file number 18-0626 (the "Investigation File") related to Ryan's provision of accounting and tax consulting services to certain of Ryan's clients in the oil and gas industry (the "Protected Information"). The DOI OIG collected the Protected Information through document collection and witness interviews.  OIG Investigation agents created written interview summaries and compiled collected documents into "attachments" contained in the Investigation File.  The interview summaries and other attachments contain Protected Information about both Ryan and its clients.

3. On June 23, 2020, after a series of communications between the parties over whether the release of the Protected Information would be proper in response to a FOIA request submitted by a third-party, the DOI OIG informed Ryan in writing of the DOI OIG's decision to disclose certain un-redacted portions of the Investigation File (the "Final Disclosure Decision").[1] On June 25, 2020, the DOI OIG confirmed to Ryan that the disclosure of the Protected Information would occur on July 10, 2020. Ryan contacted the DOI OIG and asked the agency for a short delay, so that the DOI OIG could review a draft copy of this Complaint and the Application for a Temporary Restraining Order. The government agreed to the delay. Ryan provided the draft court papers on July 8, 2020. The parties held two video conferences, the first on July 8, 2020, and the second on July 14, 2020. The parties could not reach agreement. The DOI OIG is scheduled to disclose the documents on **Friday, July 17, 2020.**

4. Despite the implementation of some redactions to the Investigation File, certain Protected Information remains un-redacted in the file that will be disclosed in the absence of this Court's intervention. Ryan brings this action seeking declaratory relief and temporary, preliminary, and permanent injunctive relief under the Administrative Procedure Act to set aside the DOI OIG's Final Disclosure Decision as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.[2] In the alternative, the Court should remand the matter to the DOI OIG for further agency proceedings.

## II.   PARTIES

5. Ryan, LLC is a private, limited liability company headquartered in Dallas, Texas.

---

[1] The nature and extent of the communications between Ryan and the DOI OIG are set forth more fully below.

[2] Concurrently with the filing of this Complaint, Ryan filed an Application for Temporary Restraining Order and Preliminary Injunction (the "Application"). Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Application and all attachments thereto are adopted by reference in this Complaint as if fully set forth herein.

6. The U.S. Department of the Interior is an "agency" within the meaning of 5 U.S.C. § 552(f). The DOI has possession and control over the Protected Information as identified in this Complaint.

7. The Office of Inspector General of the U.S. Department of the Interior is a sub-agency of the Department of the Interior. The DOI OIG has possession and control over the Protected Information as identified in this Complaint.

### III. JURISDICTION, STANDING, AND VENUE

8. This Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, and pursuant to 28 U.S.C. § 1331, to review the Final Disclosure Decision. This Court also has jurisdiction under 28 U.S.C. § 2201 and 2202 to issue the declaratory relief requested.

9. Ryan is a party "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. As set forth more fully below, Ryan and its clients will be substantially and irreparably harmed by the public disclosure of the Protected Information.

10. Venue is proper in the Southern District of Texas because Ryan resides in this district with offices in Houston, Texas office. 28 U.S.C. 1391(e). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 703.

### IV. FACTUAL ALLEGATIONS

**A. About Ryan, LLC**

11. Ryan, an award-winning global tax services and software provider, is the largest firm in the world dedicated exclusively to business taxes. Ryan provides an integrated suite of federal, state, local, and international tax services on a multi-jurisdictional basis, including tax recovery, accounting, consulting, advocacy, compliance, and technology services. With a multidisciplinary team of more than 2,100 professionals and associates, Ryan serves many of the world's most prominent Global 500 companies. Ryan's expertise extends to a broad array of

industries, including the oil and gas industry where, among other services, Ryan's tax professionals assist the firm's clients to obtain tax savings, as well as royalty refunds.

**B.      Statutory and Regulatory Background**

12.     The Freedom of Information Act amended Section 3 of the Administrative Procedure Act in 1966 to allow for increased public access to certain information and documents controlled by the federal government.  P.L. 89-487 (July 4, 1966).  The Act contains exemptions to disclosure, however, that are designed to help strike an appropriate balance to promote greater informational access while respecting valid privacy concerns.

13.     The information at issue in this case was requested from the DOI OIG pursuant to a FOIA request under 5 U.S.C. § 552.  FOIA allows for disclosure of information held by the federal government pursuant to a proper request, but as noted above, it also protects certain types of information from disclosure.  5 U.S.C. § 552(b).

**C.      The FOIA Proceeding**

14.     On or about December 19, 2018, the DOI OIG received a FOIA request from a requestor seeking "any and all attachments and exhibits to Interior Department Office of Inspector General (OIG) Report #18-0626, which bears a 'Report Date' of Nov. 1, 2018."

15.     Approximately one year later, on or about November 21, 2019, the DOI OIG provided notice to Ryan that the agency had received the FOIA request.  The agency sent a letter to Ryan advising it of the third-party's FOIA request seeking "disclosure of information contained in the files of the Inspector General (OIG) of the U.S. Department of Interior pertaining to your business."  The DOI OIG identified two pages—each an excerpt from a different OIG interview summary—that may contain Ryan's confidential commercial or financial information.  Under FOIA Exemption 4, agencies are prohibited from disclosing (i) trade secrets, and (ii) commercial or financial information that is obtained from a person and is personal and confidential.  The

agency requested Ryan's view on whether Exemption 4 applied the possible disclosure of the information.

16. On or about November 26, 2019, Ryan called Stefanie Jewett, a DOI OIG FOIA Specialist, to better understand the current request.

17. Ms. Jewett explained during the telephone call that a public information request had been made seeking "attachments" to the November 2018 OIG Investigation Report. The agency was reviewing the attachments, which totaled 28 pages, and was seeking Ryan's comment on two pages—each page an excerpt from a different OIG witness interview summary. After reviewing each page, the DOI OIG identified potential confidential commercial or financial information.

18. During the telephone call, Ryan expressed concern that the DOI OIG *had already released* the November 1, 2018 Investigation Report, #18-0626, (the "Released Report") without providing Ryan an opportunity to review the Released Report for Protected Information. During the call, Ryan requested a copy of the Released Report, but the DOI OIG refused to provide the Released Report to Ryan without a FOIA request.

19. On November 27, 2019, Ryan submitted a written FOIA request for the previously released OIG investigation report and requested that the agency prioritize the request as "Simple," so that Ryan could review the report in time to respond to the DOI OIG's current request.

20. On December 2, 2019, the DOI OIG responded in writing that the agency had received the FOIA request, but characterized the request as "Normal," which allows the agency up to 20 work days to respond.

21. On December 3, 2019, Ryan contacted the DOI OIG to request that Ryan's FOIA request for the Released Report be re-categorized as "Simple," so that the company could receive

the document as soon as possible because information in the Released Report might inform Ryan's pending response related to the Released Report's attachments. The DOI OIG agreed to change the characterization and produced the Released Report the same day.

22. After reviewing the Released Report, Ryan was concerned that the Released Report contained confidential commercial and financial information and Ryan's confidential work practices. The agency's release of this information without requesting Ryan's review was troubling to the company—especially given the fact that Ryan had made clear to the DOI OIG about the company's concern over protecting its confidential information and that Ryan had recently filed a lawsuit in the Southern District of Texas against the agency over that very issue.

23. On December 6, 2019, Ryan representatives called Ms. Jewett and expressed concern that the DOI OIG's screening process for potential confidential commercial or financial information did not identify the disclosure of Ryan's commercial relationship with its clients or the description of the services Ryan performed for those clients as potentially confidential commercial or financial information. Given the company's concerns, Ryan asked if it could review the other pages from the two interview memoranda explaining-again-that it is difficult to understand the full context of the interviews because the agency only provided a single, redacted page from two different interview summaries. The DOI OIG denied the request. Ryan asked if it could review the "complete and final redacted version" of each interview memorandum that the agency proposes for disclosure prior to the actual disclosure to ensure that the other pages of the documents do not contain confidential commercial or financial information. The agency was non-committal.

24. During the call, Ryan also expressed concern over the agency's apparent inconsistent treatment of confidential information, such as client names and the work Ryan performed for those clients.

25. On December 9, 2019, Ryan sent the DOI OIG a letter outlining Ryan's objections and arguments in support of exemptions from the disclosure of the requested information. In the letter, Ryan also noted its concern over the OIG's inconsistent treatment of confidential commercial information.

26. On June 23, 2020, the DOI OIG provided Ryan with the DOI OIG's Final Disclosure Decision. The DOI OIG advised in this correspondence that the DOI OIG intended to redact some, but not all, of the information that Ryan indicated should be redacted. In its letter, the DOI OIG also indicated that it would disclose the information requested because the agency had previously disclosed a specific client in response to a prior FOIA Request. Therefore, the DOI OIG advised Ryan that it intended to disclose the un-redacted portions of the DOI OIG's Investigation File to the third party "10 business days after delivery of this letter."

27. After reviewing the agency's Final Disclosure Decision, Ryan's counsel asked the DOI OIG to delay disclosure, so that the DOI OIG could review Ryan's draft Complaint and Application for Temporary Restraining Order in this matter. The goal was to avoid this litigation. The government agreed to a short delay, and Ryan provided the agency with the draft court papers on July 8, 2020. The parties met by video conference on July 9, 2020, and met a second time on July 14, 2020, in an effort to avoid this litigation.

28. The DOI OIG confirmed to Ryan that the Investigation File is expected to be disclosed to the requesting party on **Friday, July 17, 2020**.

29. Despite the best efforts of Ryan and the DOI OIG, the parties were unable to reach an agreement on the final scope of the disclosure of the DOI OIG's Investigation File. As a result, Ryan has no choice but to file this Complaint seeking temporary and preliminary injunctive relief until such time as the Court can conduct a review of the DOI OIG's decision to release the

Protected Information, declare that the DOI OIG's decision to disclose the Protected Information was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, and then to permanently enjoin the DOI OIG from disclosing the Protected Information.

**D.     The DOI OIG's Final Disclosure Decision Is Arbitrary and Capricious, An Abuse of Discretion, Or Otherwise Not In Accordance With Law.**

30.     The DOI OIG's Final Disclosure Decision that the Protected Information is not exempt from disclosure is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2), for the following reasons: (1) the Protected Information includes sensitive confidential business and commercial information about Ryan and its clients, such as Ryan's customer names, Ryan's accounting strategy and methodology, client business methodologies, and client tax and royalty refund information, which is exempt under FOIA Exemption 4; (2) the Investigation File contains an "inter-agency or intra-agency memorandum" that are not subject to disclosure; and (3) the disclosure of the Protected Information invades Ryan's privacy (as well as the privacy of its clients) by including unfounded allegations that were not substantiated by the DOI OIG's own investigation.

31.     The DOI OIG's intended disclosure of the Protected Information would also violate the Trade Secrets Act ("TSA") because it is unlawful under the TSA for a federal government officer or employee to divulge, publish, disclose, or make known Investigation information that relates to trade secrets, processes, operations, style of work, or the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association.

## COUNT I
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706

32. Ryan hereby realleges and incorporates by reference paragraphs 1 through 31 of the Complaint as if set forth therein.

33. Exemption 4 exempts from mandatory disclosure "trade secrets and commercial or financial information [that is] obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). The Protected Information falls within this exemption and its disclosure would cause immediate and irreparable harm to Ryan and its clients.

34. Exemption 7(C) exempts from mandatory disclosure materials compiled for law-enforcement purposes, and where the disclosure of the materials could reasonably be expected to violate the privacy of third parties. The disclosure of the Protected Information would violate the privacy of Ryan and its clients because such a disclosure would (1) reveal Ryan's clients and the confidential work that Ryan performed for those clients and (2) include unfounded allegations that were not substantiated by the DOI OIG's own investigation. The Protected Information therefore falls within Exemption 7(C) and its disclosure would cause immediate and irreparable harm to Ryan and its clients.

35. In deciding that the Protected Information is not subject to the foregoing exemptions, the DOI OIG has acted in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2).

## COUNT II
### Violation of the Trade Secrets Act, 18 U.S.C. § 1905

36. Ryan hereby realleges and incorporates by reference paragraphs 1 through 35 of the Complaint as if set forth therein.

37. The DOI OIG's decision to disclose Ryan's trade secrets and confidential business information would be in violation of the Trade Secrets Act ("TSA") and forms the basis of a "reverse FOIA" lawsuit because the disclosure would not be "in accordance with law" within the meaning of the Administrative Procedure Act. 5 U.S.C. § 706(2)(A) (1976); *see also Chrysler Corp. v. Brown,* 441 U.S. 281, 318 (1979). The agency's decision would "constitute a serious abuse of agency discretion." *NOW v. Social Security Administration,* 736 F.2d 727, 743 (D.C. Cir. 1984) (Robinson, J. concurring).

38. When Exemption 4 applies – as it does here – to the information in question, then "section 1905 must be considered to ascertain whether the agency is forbidden from disclosing the information." H.R. Rep. No 880, 94th Cong., 2d Sess., pt. 1, at 23, *reprinted in* 1976 U.S. Code Cong. & Ad. News 2183, 2205. The FOIA itself cannot be the "authorization by law" to release exempt information because by its very terms, the FOIA "does not apply" to material encompassed within its exemptions. 5 U.S.C. § 552(b); *see Chrysler*, 441 U.S. at 303-04. For such information, the agency must look elsewhere for the necessary "authorization by law" to remove § 1905's disclosure prohibition. *Cf. Parkridge Hospital, Inc. v. Califano*, 625 F.2d 719 (6th Cir. 1980) *with J.H. Lawrence Co. v. Smith*, 545 F. Supp. 421 (D. Md. 1982).

39. In deciding to publicly disclose the Protected Information, the DOI has acted in a manner that is arbitrary and capricious, and in a manner contrary to law by violating the TSA.

40. The DOI OIG's action will cause Ryan and its clients immediate and irreparable harm if public disclosure is made of its proprietary, non-public information.

## COUNT III
### Request for Declaratory Judgment

41. Ryan hereby realleges and incorporates by reference paragraphs 1 through 40 of the Complaint as if set forth therein.

42. Because disclosure of the Protected Information is exempt from disclosure under FOIA Exemption 4, such disclosure would violate the Trade Secrets Act. Likewise, the Protected Information is exempt from disclosure under FOIA Exemption 7. Accordingly, the DOI OIG's decision to disclose the Protected Information is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2). Therefore, Ryan requests the Court to declare that:

(a) The Protected Information is exempted from disclosure under FOIA Exemption 4;

(b) The Protected Information is exempted from disclosure under FOIA Exemption 7(A) and (C); and

(c) The DOI OIG's decision to disclose the Protected Information was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT IV
### Request for Temporary, Preliminary, and Permanent Injunctive Relief

43. Ryan hereby realleges and incorporates by reference paragraphs 1 through 42 of the Complaint as if set forth therein.

44. The Protected Information is exempt from disclosure under FOIA Exemption 4 and the Trade Secrets Act as well as FOIA Exemption 7, and the DOI OIG's decision to disclose these materials was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. Therefore, there is substantial likelihood of Ryan's success on its claims. There is likewise a substantial threat that Ryan and its clients will suffer irreparable injury if an injunction is denied. The threatened injury to Ryan and its clients outweighs any prejudice that the issuance of the injunction might cause the DOI OIG. Finally, injunctive relief will not disserve the public interest. Therefore, a restraining order and preliminary injunction should be issued in this case.

45. The public interest is served by ensuring that Ryan, its clients, and other similarly situated highly competitive businesses that are involved in similar investigations, are not subject to having their confidential information and materials disclosed, and are able to cooperate fully with DOI OIG investigations without fear of such disclosure. Accordingly, the Court should permanently enjoin the DOI OIG from disclosing the Protected Information.

## V. RELIEF REQUESTED

46. WHEREFORE, Ryan respectfully requests that judgment be entered against the U.S. Department of the Interior and the Office of Inspector General of the U.S. Department of the Interior, and that this Court:

a) Set aside the DOI OIG's decision to disclose the Protected Information as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

b) Declare that the DOI OIG's decision that the Protected Information does not fall within FOIA Exemptions 4 and 7, and are not protected from disclosure by the Trade Secrets Act, was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

c) Issue a temporary restraining order enjoining the DOI OIG from disclosing the Protected Information;

d) Issue a preliminary injunction enjoining the DOI OIG from disclosing the Protected Information;

e) In the alternative, remand the action to the DOI OIG for further consideration;

f) Issue a permanent injunction barring the DOI OIG from disclosing the Protected Information;

g) Award Plaintiff's costs and reasonable attorney's fees in this action; and

h) Grant such other relief as the Court deems appropriate.

Date: July 15, 2020

        Respectfully submitted,

        /s/ *Bryan S. Dumesnil*
        Bryan Dumesnil
        *Attorney-In-Charge*
        Texas State Bar No. 00793650
        Southern District No. 20999
        BRACEWELL LLP
        711 Louisiana Street, Suite 2300
        Houston, Texas 77002-2781
        (713) 221-1520 Telephone
        (800) 404-3970 Facsimile
        bryan.dumesnil@bracewell.com

        Kevin Collins
        Texas State Bar No. 24050438
        Southern District No. 826855
        BRACEWELL LLP
        111 Congress Avenue, Suite 2300
        Austin, Texas 78701-4061
        (512) 494-3640 Telephone
        (800) 404-3970 Facsimile
        kevin.collins@bracewell.com

        ***Attorneys for Plaintiff Ryan, LLC***